## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRI SPARANGO**<br>1051 Valley Road<br>Warminster, PA 18974 | NO. _____ |
| *Plaintiff,* | CIVIL ACTION |
| | JURY TRIAL DEMANDED |
| **vs.** | |
| **FIBER-LINE LLC**<br>c/o the Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110 | |
| *Defendant.* | |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against each Defendant:

### INTRODUCTION

1.      Plaintiff initiates this action to seek redress against Defendant, for unlawful gender discrimination and other applicable law.

### PARTIES

2.      Plaintiff is Terri Sparango ("Plaintiff"), an adult individual currently residing at the above address.

3.      Defendant, Fiber-Line LLC ("Defendant"), is believed and therefore averred to be a Delaware corporation with a registered agent for service of process in Pennsylvania at the above address.

4.    Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

5.    At all times relevant hereto, each Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or his job duties.

## JURISDICTION and VENUE

6.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7.    The Court may properly maintain personal jurisdiction over each Defendant because each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8.    The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

9.    The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

10.     Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because each Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

11.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12.     Plaintiff has satisfied the federal procedural and administrative requirements for proceeding with an action under Title VII.

13.     Plaintiff filed timely written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination on or about September 29, 2016 (Charge No. 530-2016-04345).

14.     The instant action is timely because it is initiated at least ninety ("90") days after the issuance of a Right to Sue Letter by the EEOC on each charge which was mailed on or about April 13, 2017.

15.     Plaintiff has exhausted federal administrative remedies as to the allegations of the instant Complaint.

16.     Plaintiff will seek leave to amend this Complaint to plead claims under the Pennsylvania Human Relations Act at the end of end of the law's statutory one-year waiting period.

## FACTUAL BACKGROUND

17.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18.     Plaintiff is a female and began working for the Defendant in or around January 2016.

19.     Plaintiff was employed at the Defendant's location at 3050 Campus Drive, Unit 200 Hatfield, PA 19440.

20.     Plaintiff was offered a position with the Defendant with the title of Accounting Manager by John Nucero, the CFO of the Fiber-Line conglomerate.

21.     Plaintiff was replacing a male, Troy Supplee, who had the title of Controller.

22.     Supplee was moving into a position as Vice President of Supply Chain Management with the Defendant.

23.     Supplee trained Plaintiff on all of his Controller responsibilities and duties in the company.

24.     The rate of pay offered to Plaintiff was $80,000.00 / year.

25.     One of Plaintiff's responsibilities was processing payroll and as a consequence Plaintiff had access to everyone's pay rate, including that of Supplee.

26.     While Supplee was the Controller, he was making approximately $117,000.00 / year and was awarded a number of shares in the company.

27.     Plaintiff was never offered the title of Controller, the same pay rate as Supplee or a member stake share in the company.

28.     However, Plaintiff had the exact same responsibilities as Supplee, the same staff reporting personnel and moved into his office with all accounting supporting documentation.

29.     Plaintiff had more experience than Supplee as he struggled with new multi-level company structures and financial consolidations.

30.     Plaintiff also had direct banking experience involving large revolving loan corporate experience where Supplee had none.

31.     Supplee told Plaintiff that his prior position before coming to work for Defendant was in staff accounting.

32.     Supplee did not have much experience in standard costing of inventory.

33.     The whole system was on an average cost system, which has many limitations for trying to isolate fluctuations in raw material prices.

34.     Supplee had very little Enterprise Resource Planning ("ERP") systems experience as many of the cost structures and other issues in the system were never addressed.

35.     Supplee would just blame a "bad" ERP system.

36.     Another large reporting package that was given to Private Equity owners and investors was never reformatted so that it was more informative for purposes of communicating monthly and yearly reports that could be used for comparison purposes to determine costs and budgets.

37.     Plaintiff redesigned the reports to be more informative to the readers.

38.     Supplee had occupied the position of Controller for the five previous five years.

39.     Supplee also stated to Plaintiff that redesigning currently used reports or supporting decimation calculations was not his strong suit.

40.     Supplee merely resorted to designs by the previous Controller he replaced at Fiber-Line.

41.     Revamping the reporting and investigating the issues in the system were tasked to Plaintiff.

42.     Even as Supplee moved into his new role of VP of Supply Chain Management, he did not take any of the inventory responsibilities of his original position, which would have made most sense since he was now in charge of all raw material inventory price negotiations, securing quality raw materials and relationships with vendors.

43.     Plaintiff purposed to Nucero the transferring of inventory responsibilities to Supplee.

44.     Plaintiff also proposed to Nucero the transferring of delete payroll responsibilities to the HR manager.

45.     Nucero denied both requests.

46.     Plaintiff ended up doing everything as the Controller of Fiber-Line and more, but she was not offered the same pay rate or member shares in the company.

47.     Plaintiff was unlawfully terminated on or about March 28, 2016.

**COUNT I**
**Title VII Violations**

48.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

49.     The foregoing conduct by the Defendant constitutes unlawful discrimination against the Plaintiff on the basis of gender and sex.

50.     The foregoing conduct by the Defendant constitutes an unlawful hostile-working environment.

51.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Equal Pay Act

52.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

53. Defendant's employees of the opposite sex were paid differently for performing "equal work" or work of substantially equal skill, effort and responsibility, under similar working conditions.

54. Defendant's employees of the opposite sex were accorded various benefits that Plaintiff was not.

55. The same constitutes a violation of federal law.

56. As a result of the Defendants' unlawful discrimination as aforesaid, Plaintiff has suffered damages as set forth herein.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in her favor and against each Defendant and that it enter an Order as follows:

    a.  Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

    b.  Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

    c.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front

pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by Defendant's actions as permitted by applicable law;

e.  Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f.  Plaintiff is to be accorded any and all other statutory and equitable and legal relief as the Court deems just, proper, and appropriate;

g.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i.  Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage -- or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j.   The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k.   Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.net
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated: July 12, 2017

9